1  V. James DeSimone (SBN: 119668)
   Carmen D. Sabater  (SBN: 303546)
2  Ryann E. Hall (SBN: 306080)
   **V. JAMES DESIMONE LAW**
3  13160 Mindanao Way, Suite 280
   Marina del Rey, California 90292
4  Telephone:  310.693.5561
   Facsimile:   323.544.6880
5

6

7  Attorneys for PLAINTIFF,
   BROOKE FORTSON

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 BROOKE FORTSON,                      | Case No: 2:21-cv-00384

12      PLAINTIFF,                       | **PLAINTIFF'S COMPLAINT FOR DAMAGES**

13      v.

14                                       | 1. **First and Fourth Amendment Violation (42 U.S.C. 1983)**
   CITY OF LOS ANGELES, a municipal
15 entity; CHIEF MICHEL MOORE; and DOES   | 2. **Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**
   1-10 inclusive,
16
                                         | 3. **Violation of Bane Civil Rights Act (Civil Code § 52.1)**
17      DEFENDANTS.                      | 4. **Assault and Battery**
                                         | 5. **Negligence**
18                                       | 6. **Intentional Infliction of Emotional Distress**
19                                       | 7. **Negligent Infliction of Emotional Distress**
20

21

22                                       | **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

                                 5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*BROOKE FORTSON v. CITY OF LOS ANGELES, et al.*          V. James DeSimone, Esq.
Case No.: 2:21-cv-00384                                  Carmen D. Sabater, Esq.

1   PLAINTIFF, BROOKE FORTSON (hereinafter "PLAINTIFF" or "Ms. FORTSON"), for

2   her complaint against DEFENDANTS CITY OF LOS ANGELES (hereinafter "CITY OF LOS

3   ANGELES" or "CITY"), Police Chief MICHEL MOORE (hereinafter "MOORE"), and DOES

4   1-100 (hereinafter collectively DEFENDANTS), inclusive, alleges as follows:

5   ## NATURE OF ACTION

6       1.    This is an action seeks compensatory and punitive damages from DEFENDANTS

7   for violating various rights under state law in connection with officers' unjustified assault and use

8   of force of BROOKE FORTSON by DEFENDANT DOES 1-10 of the Los Angeles Police

9   Department (hereinafter "LAPD").

10      2.    This action arises out of protests across the United States and other nations

11  following the murder of George Floyd by officers with the Minneapolis Police Department.  After

12  the deaths of Breonna Taylor and Ahmaud Arbery and others, hundreds of thousands of people

13  around the country and globe simultaneously expressed the collective condemnation for the

14  deaths of Black, Indigenous and People of Color (hereinafter "BIPOC") men and women at the

15  hands of law enforcement and vigilantes condoned by local law enforcement and their support

16  for the Black Lives Matter movement.  Large demonstrations occurred in the Los Angeles area,

17  and the vast majority of the participants were peaceful, principled individuals exercising their

18  First Amendment Right to assemble to seek redress for grievances. Over the course of

19  approximately a week, the Los Angeles Police Department arrested more than 2600 individuals

20  engaged in peaceful protest, shot directly at unarmed and peaceful citizens with "non-lethal"

21  metal bullets encased in rubber or other material, used excessive force with batons and engaged

22  in reckless and unreasonable conduct with their vehicles causing injury and harm.

23      3.    The CITY OF LOS ANGELES has been repeatedly sued for the tactics the LAPD

24  engaged in over the course of the above-mentioned arrests.  The LAPD displayed tactics

25  including, but not limited to, excessive force with reckless operation of a police vehicle, and

26  neglecting to provide care for injured citizens. By violently ramming a police SUV into Ms.

27  FORTSON's right side tossing her off her feet and onto the street where she landed on her left

28  arm and rolled on to her right arm suffering multiple immediate and long-lasting physical injuries

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*BROOKE FORTSON v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-cv-00384                                           Carmen D. Sabater, Esq.

1   and mental and emotional distress when while failing to provide medical and emergency care as

2   Ms. FORTSON lay prone on the street, DEFENDANTS violated Ms. FORTSON's rights under

3   the U.S. and California Constitution.

4       4.    DEFENDANTS DOES 1-10 are directly liable for PLAINTIFF's injuries under

5   state law pursuant to California Government Code § 820.

6       5.    DEFENDANTS, CITY OF LOS ANGELES, MOORE, and DOES 1-10 also

7   proximately caused Ms. FORTSON's injuries and are liable under state law pursuant to California

8   Government code §§ 815.2 and 820.

9       6.    DEFENDANTS DOES 1-5 ("DOE OFFICERS") are directly liable for

10  PLAINTIFF's injuries under federal law pursuant to 42 U.S.C. § 1983.

11      7.    DEFENDANTS, CITY and DOES 6-10 also proximately caused PLAINTIFF's

12  injuries and are liable under state and federal law and under principles set forth in *Monell v.*

13  *Department of Social Services*, 436 U.S. 658 (1978).

14      8.    DEFENDANT CITY OF LOS ANGELES ("CITY") by summarily rejecting Ms.

15  FORTSON's Claim for Damages, has proved unwilling to accept responsibility for the wrong

16  committed by its officers. The CITY continues to violate its citizens' rights by ignoring the

17  allegations and preventing these incidents from happening.

18      9.    The policies and customs behind assaulting peacefully protesting civilians such as

19  BROOKE FORTSON are fundamentally unconstitutional and constitute a menace of major

20  proportions to the public.  Accordingly, insofar as BROOKE FORTSON herein seeks by means

21  of this action to hold accountable those responsible for the unjustified assault, use of force, and

22  failure to provide proper emergency care of BROOKE FORTSON.

23                  **PARTIES AND THEIR AGENTS**

24      10.   PLAINTIFF BROOKE FORTSON is a thirty-seven-year-old African American

25  woman, and at all times mentioned in this Complaint was a resident of the County of Los

26  Angeles, California.

27      11.   PLAINTIFF is informed and believed DOES 1-10 are individuals living in the

28  County of Los Angeles, California.  At all relevant times, DOES 1-10 were public employees and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*BROOKE FORTSON v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-cv-00384                                            Carmen D. Sabater, Esq.

1    agents of DEFENDANT CITY OF LOS ANGELES and were acting with the course and scope
2    of their respective duties as police officers and with complete authority and ratification of their
3    principal DEFENDANT CITY OF LOS ANGELES.

4         12.    At all relevant times, DEFENDANTS DOES 1-10 were duly appointed officers
5    and/or employees or agents of the CITY OF LOS ANGELES subject to oversight and supervision
6    by CITY OF LOS ANGELES' elected and non-elected officials.

7         13.    PLAINTIFF is informed and believes, and thereon alleges, that DOES 1-10 were
8    agents, servants, and employees of DEFENDANT CITY OF LOS ANGELES and/or the LAPD.
9    PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES
10   1-100, inclusive, and therefore sue these DEFENDANTS by such fictitious names.  PLAINTIFF
11   will amend this Complaint to allege their true names and capacities when ascertained. As such,
12   the individual DOE DEFENDANTS are sued in both their individual and official capacities.

13        14.    In doing the acts and failing and omitting to act as hereinafter described,
14   DEFENDANTS DOES 1-10 were acting on the implied and actual permission and consent of
15   CITY OF LOS ANGELES and MOORE.

16        15.    DEFENDANT CITY OF LOS ANGELES is a municipal corporation duly
17   organized and existing under the Constitution and laws of the State of California. LAPD is a local
18   government entity and an agency of CITY OF LOS ANGELES, and all actions of the LAPD are
19   the legal responsibility of the CITY OF LOS ANGELES. CITY OF LOS ANGELES is sued in
20   its own right on the basis of its policies, customs, and practices that gave rise to PLAINTIFF's
21   federal rights claims.

22        16.    DEFENDANT MICHEL MOORE is, and was, at all times relevant to this action,
23   the LAPD police chief and a policymaker for his department.  He is sued in both his individual
24   and official capacities.

25        17.    All DEFENDANTS who are natural persons, including DOES 1-10, are sued
26   individually and/or in his/her official capacity as officers, sergeants, captains, commanders,
27   supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY
28   OF LOS ANGELES.

18.     DEFENDANTS are liable for PLAINTIFF's injuries under California law and under the doctrine of *respondeat superior*.  Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

19.     At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every DEFENDANT herein.

20.     On or around June 4, 2020, PLAINTIFF filed comprehensive and timely claims for damages in accordance with Government Code §§ 910 and 911.2.

21.     PLAINTIFF's claim for damages submitted to CITY OF LOS ANGELES on or around June 4, 2020, is deemed rejected due to not receiving a rejection letter within the 45 days allotted to respond to a claim for damages filed in accordance with Government Code §§ 910 and 911.2.

22.     Finally, at all relevant times mentioned herein, all DEFENDANTS acted as agents of all other DEFENDANTS in committing the acts alleged herein.

## JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction over the PLAINTIFF's claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).  This Court has jurisdiction to issue declaratory or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

24.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391, as all DEFENDANTS and the events giving rise to the claims herein occurred in the Central District of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

25.     PLAINTIFF repeats and re-alleges each and every allegation in the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

26.     PLAINTIFF BROOKE FORTSON is a 37-year-old African American woman who currently, and at times relevant to this Complaint, resides in Los Angeles County, California.

27.     On May 30, 2020, Ms. FORTSON gathered as part of a peaceful protest in

5

1    Pershing Square in Los Angele, California, in a display of support for Black Lives Matter and the

2    families and memory of BIPOC deaths at the hands of law enforcement, in particular George

3    Floyd.

4        28.    On May 25, 2020, Minneapolis Police Officer Derek Chauvin, along with two

5    other officers, held George Floyd on the ground, handcuffed behind his back, and ignored pleas

6    to get off his neck, back and legs and let him breathe.  Officer Chauvin kept his knee on Floyd's

7    neck for 8 minutes, forty-six seconds.  As a result, Mr. Floyd died on the street in Minneapolis.

8        29.    Both the Minneapolis law enforcement and prosecutors as well as the public,

9    concluded that George Floyd was the latest person to die at the hands of police because of

10   deliberate and unlawful tactics of law enforcement largely because of extensive video by

11   onlookers, security cameras, including police body cameras.

12       30.    In Los Angeles, tens of thousands of people participated in lawful and peaceful

13   protest as part of an extraordinary reaction of protests across the country and around the world.

14   Individuals in the protests expressed their ideas in different forms.

15       31.    DEFENDANTS reacted to protests, regardless of form or application, by

16   employing expansive curfews and arrests for allegedly failing to comply with curfews, failing to

17   disperse, unlawful assembly, failure to follow a "lawful" order of an officer, and similar

18   misdemeanors undermining the right to engage in protected expressive activity in public spaces.

19       32.    California Penal Code § 409, which defines an unlawful assembly, has been

20   repeatedly construed to require a showing of imminent violence that so permeates a lawful

21   expressive activity that law enforcement may curtail the rights of all. In this instance, those facts

22   did not exist.

23       33.    On May 31, 2020, Ms. FORTSON arrived at Pershing Square in Downtown Los

24   Angeles to protest peacefully and record the event. At or around 3:00 PM, Ms. FORTSON began

25   crossing the street at the intersection of Hill Street and 5th Street heading Northwest toward the

26   steps of Pershing Square. When she began to cross the street, Ms. FORTSON was peacefully

27   participating in the protest and was ready to return home. While crossing the street, Ms.

28   FORTSON was not immediately in front of a police vehicle sitting at or around the intersection.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*BROOKE FORTSON v. CITY OF LOS ANGELES, et al.*          V. James DeSimone, Esq.
Case No.: 2:21-cv-00384                                   Carmen D. Sabater, Esq.

However, an LAPD officer, DEFENDANT DOE, in a police sports utility vehicle (hereinafter "SUV") recklessly operated his police SUV, using his vehicle forcefully to clear protestors in close proximity to his vehicle.

34.     The LAPD officer, with space behind his vehicle through which he could reverse without making impact with anyone, drove forward and slightly to the vehicle's left which ensured he drove at and through a group of people eventually striking Ms. FORTSON with such force to send her through the air and tumbling onto the street.

35.     Prior to ramming Ms. FORTSON with a police SUV, the LAPD officer did not make use of lights or sirens before accelerating toward Ms. FORTSON and continuing to accelerate as the LAPD officer's SUV hit Ms. FORTSON with the front grill of the vehicle. The violent impact struck Ms. FORTSON on her right side sending her off her feet. She landed on her left shoulder and the force from the accelerating police vehicle caused her to roll on the street and she eventually landed on her right arm.

36.     After accelerating his vehicle and hitting Ms. FORTSON with the front of his car, the LAPD officer reversed the vehicle and made 3-point turn to speed away from the vehicular assault and battery of Ms. FORTSON. The LAPD officer did not make any attempt to evaluate the status, injuries, and well-being of Ms. FORTSON. As a result of the LAPD officer hastily fleeing the scene, the officer failed to provide any medical or emergency care to people, including, but not limited to, Ms. FORTSON, who had been forcefully and violently struck by a police vehicle and left unattended and severely injured lying in the street.

37.     The impact from the LAPD officer's vehicle and fall and roll on the street from the vehicle ramming into Ms. FORTSON left her with various injuries. Her injuries included, but are not limited to, suffering bruises to her right hand, right elbow, and left shin; suffering abrasions on her right leg; severe headaches; and neck and back injuries including, but not limited to, spasms in her spinal area and strangling muscles around her spine.

38.     The pain suffered from an LAPD officer ramming his vehicle into Ms. FORTSON has required medication. In addition, emotional harm including, but not limited to, loss of sleep, anxiety, depression, and fear plague Ms. FORTSON.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*BROOKE FORTSON v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-cv-00384                                            Carmen D. Sabater, Esq.

39.    Ms. FORTSON's pain and suffering continues and may worsen as time passes despite physical therapy and medication.

40.    The CITY OF LOS ANGELES, through CHIEF MOORE and the LAPD, has failed to train its officers in the constitutional response to peaceful demonstrations as revealed by the above-described allegations.  DEFENDANTS have a custom of using excessive force against peaceful protestors, ramming police vehicles into people participating peacefully at lawful assemblies and applying policies and sanctioning actions that cause severe injury and permanent damage, without warning or command, based on specious group "suspicion."  The CITY OF LOS ANGELES has been aware of deficiencies in its training since at least 2000 followed by settlement agreements in June 2005 and June 2009 to revise policies and training.  Yet the unlawful crowd control, excessive use of force, *inter alia*, DEFENDANTS currently employ fail constitutional requirements.

**FIRST CAUSE OF ACTION**

**FIRST AND FOURTH AMENDMENT TO THE U.S. CONSTITUTION**

**(42 U.S.C. § 1983)**

**(AGAINST ALL DEFENDANTS)**

41.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

42.    This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MICHEL MOORE, and DOES 1-10.

43.    DEFENDANT's conduct, described above, violated PLAINTIFF's rights to freedom of speech, assembly, and association under the First Amendment to the United States Constitution and her right to be free from unreasonable force under the Fourth Amendment to the United States Constitution.  The LAPD Officer using his vehicle as a weapon against peaceful protestors acted with unreasonable and excessive force under the totality of the circumstances.  When Ms. FORTSON crossed the street with numerous protestors near Pershing Square in Los Angeles, LAPD officers used violent and excessive force against Ms. FORTSON who had arrived to protest peacefully and lawfully.  LAPD used excessive force violently ramming a police SUV

5

1    into Ms. FORTSON's right side tossing her off her feet and onto the street where she landed on

2    her left arm and rolled on to her right arm suffering multiple immediate and long-lasting physical

3    injuries and mental and emotional distress when attempting to exercise her First Amendment

4    Rights.

5         44.    The DEFENDANTS employed the above-mentioned tactics under baseless

6    speculation of some potential unlawful activity by some unknown individual(s). On information

7    and belief, the LAPD officer was not disciplined for the use of force on May 30, 2020 against

8    PLAINTIFF.

9         45.    DEFENDANT CHIEF MOORE has failed to impose adequate discipline on his

10   officers, including the responsible DEFENDANT OFFICER DOE, who committed these

11   unlawful uses of excessive force with reckless disregard for human life and safety, creating a

12   culture of impunity within the LAPD that encourages such violence and incidents of unreasonable

13   force against the public.

14        46.    As a result of the unprovoked, unjustified and unreasonable use of force against

15   PLAINTIFF by DEFENDANT OFFICER DOE, PLAINTIFF sustained injuries to her entire

16   body, including her head, neck, back, and legs. As a result of the foregoing, PLAINTIFF suffered,

17   and continues to suffer from physical injuries, and sickness, physical and emotional pain, anguish,

18   and distress and psychological injury.

19                            **SECOND CAUSE OF ACTION**

20        **MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY**

21                          **(42 U.S.C. § 1983)**

22                     **(AGAINST ALL DEFENDANTS)**

23        47.    The allegations PLAINTIFF sets forth in this complaint are hereby re-alleged and

24   incorporated by reference.

25        48.    DEFENDANT OFFICER DOE's use of force against Ms. FORSTON on May 30,

26   2020, who was unarmed, had committed no crime, and was not resisting was found to be within

27   CITY Police Department Policy.

28        49.    Eyewitness accounts, video footage, and/or media coverage display irrefutable

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*BROOKE FORTSON v. CITY OF LOS ANGELES, et al.*          V. James DeSimone, Esq.
Case No.: 2:21-cv-00384                       Carmen D. Sabater, Esq.

1    evidence of the DEFENDANT ramming Ms. FORTSON with his police vehicle on May 30, 2020.

2        50.    On information and belief, DEFENDANT OFFICER DOE was not disciplined for

3    the use of force and reckless disregard for human life and safety on May 30, 2020.

4        51.    DEFENDANT CHIEF MOORE has failed to impose adequate discipline on his

5    officers, including DEFENDANT OFFICER DOE, who committed unlawful uses of excessive

6    force and reckless disregard for human life and safety, creating a culture of impunity within the

7    LAPD that encourages such violence and incidents of unreasonable force against the public.

8    CHIEF MOORE's inadequate investigations and the failure to take appropriate corrective action

9    that plagues the LAPD and causes a pattern, policy, and practice of tolerating and encouraging

10    the use of excessive force and reckless disregard for human life and safety.

11        52.    Based on video footage and witnesses' accounts, DEFENDANT OFFICER DOE

12    struck PLAINTIFF with his police vehicle while she walked across the street using a crosswalk.

13        53.    On or around May 30, 2020, DEFENDANTS CITY OF LOS ANGELES, CHIEF

14    MOORE, DOE OFFICERS and DOE SUPERVISORS, deprived PLAINTIFF of the rights and

15    liberties secured to her by the First and Fourth Amendments of the United States Constitution, in

16    that said DEFENDANTS and their supervising and managerial employees, agents, and

17    representatives, acting with gross negligence and with reckless and deliberate indifference to the

18    rights and liberties of the public in general, and of PLAINTIFF, and of persons in their class,

19    situation and comparable position in particular, knowingly maintained, enforced and applied an

20    official recognized CITY custom, policy, and practice of:

21        a.    Employing and retaining as police officers and other personnel, including

22            DEFENDANT OFFICER DOE, who DEFENDANTS CITY and DOE

23            SUPERVISORS at all times material herein knew or reasonably should have

24            known had dangerous propensities for abusing his authority by using excessive

25            force, and for mistreating citizens by failing to follow written CITY Police

26            Department's policies, including the use of excessive force and reckless disregard

27            for human life and safety;

28        b.    Of inadequately supervising, training, controlling, assigning, and disciplining

CITY Police Officers, and other CITY personnel, including DEFENDANT OFFICER DOE, who DEFENDANTS CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force;

c.  By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANT OFFICER DOE, who is a CITY employee and police officer;

d.  By failing to adequately train officers, including DEFENDANT OFFICER DOE, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force and reckless disregard for human life and safety;

e.  By failing to discipline CITY police officers' conduct, including DEFENDANT OFFICER DOE, for use of force and reckless disregard for human life and safety;

f.  By ratifying the intentional misconduct of DEFENDANT OFFICER DOE and other police officers, who are police officers of the CITY, and commit unlawful use of force with reckless disregard for human life and safety;

g.  By failing to properly investigate claims of reckless disregard for human life and safety and excessive force by CITY police officers, including DEFENDANT OFFICER DOE; and

h.  By having and maintaining an unconstitutional custom and practice of reckless disregard for human life and safety, using excessive force, failing to obtain medical care, depriving persons of life, liberty, and property so as to shock the conscience, which is also demonstrated by inadequate training regarding these subjects.  The customs and practices of CITY, DOE OFFICERS and DOE SUPERVISORS were done with a deliberate indifference to individuals' safety and rights.

54.     By reason of the aforementioned policies and practices of DEFENDANTs CITY, DEFENDANT CHIEF MOORE and DEFENDANTS DOES, Ms. FORTSON was severely

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*BROOKE FORTSON v. CITY OF LOS ANGELES, et al.*                          V. James DeSimone, Esq.
Case No.: 2:21-cv-00384                                                  Carmen D. Sabater, Esq.

1    injured and subjected to pain and suffering, and extreme and severe emotional distress.

2    55.    The aforementioned customs and practices of CITY were implemented and/or

3    maintained with deliberate indifference to individuals' safety and rights.

4    56.    DEFENDANTs CITY, DEFENDANT CHIEF MOORE and DEFENDANTS

5    DOES, together with various other officials, whether named or unnamed, had either actual or

6    constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs

7    above. Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and

8    through actions and inactions thereby ratified such policies. Said DEFENDANTs also acted with

9    deliberate indifference to the foreseeable effects and consequences of these policies with respect

10    to the constitutional rights of PLAINTIFF, and other individuals similarly situation.

11    57.    By perpetuating, sanctioning, tolerating and ratifying the outrageous conduct and

12    other wrongful acts, DEFENDANTs CITY, DEFENDANT CHIEF MOORE and DEFENDANT

13    DOES acted with an intentional, reckless, and callous disregard toward Ms. FORTSON, and of

14    the constitutional as well as human rights of PLAINTIFF. DEFENDANTs CITY, DEFENDANT

15    CHIEF MOORE and DEFENDANTS DOES and each of their actions were willful, wanton,

16    oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of

17    normal sensibilities.

18    58.    Furthermore, the policies, practices, and customs implemented and maintained and

19    still tolerated by DEFENDANTs CITY, DEFENDANT CHIEF MOORE and DEFENDANTS

20    DOES were affirmatively linked to and were a significantly influential force behind the injuries

21    of PLAINTIFF.

22    59.    Accordingly, DEFENDANTs CITY, DEFENDANT CHIEF MOORE and

23    DEFENDANTS DOES each are liable to PLAINTIFF for compensatory damages under 42

24    U.S.C. § 1983.

25    60.    On information and belief, the aforementioned acts were willful, wanton,

26    malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as

27    to DEFENDANT CHIEF MOORE and DEFENDANTS DOES.

28    61.    Accordingly, DEFENDANTs are each liable to Plaintiffs for compensatory and

5

1  punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks reasonable attorneys' fees under

2  this claim.

3  ### THIRD CAUSE OF ACTION

4  ### VIOLATION OF BANE ACT (CIVIL CODE § 52.1)

5  ### (AGAINST ALL DEFENDANTS)

6  62.    The allegations PLAINTIFF sets forth in this complaint are hereby re-alleged and

7  incorporated by reference.

8  63.    This cause of action is asserted against DEFENDANTS CITY OF LOS

9  ANGELES, CHIEF MICHEL MOORE, and DOES 1-10.

10  64.    As alleged herein, DEFENDANTS DOES 1-10, CHIEF MICHEL MOORE, and

11  CITY OF LOS ANGELES interfered by threats, intimidation,  coercion, and/or violence with

12  PLAINTIFF's rights under state and federal laws and under the state and federal Constitution

13  including, without limitation, the right to be free from excessive force, the right to free speech,

14  freedom of assembly and freedom to redress grievances, the right to due process, and the right to

15  bodily integrity and protection from bodily harm, including her rights under Civil Code § 43,

16  Penal Code §§ 149, 240, and 242, and her rights under the First Amendment to the United States

17  Constitution and  her rights under Article 1, Sections 1, 2, 3, 7 and/or 13 of the California

18  Constitution.

19  65.    DEFENDANTS' conduct caused PLAINTIFF extreme physical injury, sickness

20  and pain, mental anguish, and emotional suffering and distress.

21  66.    As a result of their conduct, DEFENDANTS are liable for Ms. FORTSON's

22  injuries, either because they were integral participants in the misconduct, or because they failed

23  to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

24  67.    As a direct and legal result of DEFENDANTS' acts and omissions, Ms.

25  FORTSON suffered damages, including, without limitation, pain and suffering, physical injuries

26  and sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, and

27  costs of suit.

28  68.    PLAINTIFF is informed and believes, and thereon alleges, that the acts of the

5

1   individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were

2   done with willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF,

3   thereby justifying the awarding of punitive and exemplary damages against all non-government

4   entity defendants in an amount to be determined at time of trial.

5       69.    PLAINTIFF brings this claim seeking all damages under state law. PLAINTIFF

6   also seeks reasonable attorneys' fees under this claim

7   **FOURTH CAUSE OF ACTION**

8   **ASSAULT AND BATTERY (GOV. CODE § 820 and CALIFORNIA COMMON LAW)**

9   **(AGAINST ALL DEFENDANTS)**

10      70.    The allegations set forth in this complaint are hereby re-alleged and incorporated

11  by reference.

12      71.    DEFENDANTS DOES 1-10 while working as Police Officers for the CITY Police

13  Department and acting within the course and scope of their duties, wrongfully, unlawfully,

14  intentionally, and violently assaulted and battered by recklessly operating a police vehicle when

15  accelerating toward and ramming into Ms. FORTSON sustaining serious injuries.

16      72.    DEFENDANTS DOES 1-10 had no legal justification for their actions, and

17  DEFENDANTS DOES' 1-10 use of force against Ms. FORTSON, unjustified violent ramming a

18  police SUV into Ms. FORTSON's right side tossing her off her feet and onto the street where she

19  landed on her left arm and rolled on to her right arm suffering multiple immediate and long-lasting

20  injuries, while carrying out their duty as officers and as CITY OF LOS ANGELES employees

21  constituting an unreasonable use of force.

22      73.    DEFENDANTS DOES 1-10 also intentionally used unreasonable force against

23  Ms. JAMES, including, but not limited to, violently ramming a police SUV into Ms. FORTSON's

24  right side tossing her off her feet and onto the street where she landed on her left arm and rolled

25  on to her right arm suffering multiple immediate and long-lasting physical injury and mental and

26  emotional distress when she posed no threat to the officers or anyone else.   DEFENDANTS left

27  without medical or emergency care for PLAINTIFF as she lay injured in the street.

28      74.    As a direct and proximate result of DEFENDANTS' conduct as alleged above,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*BROOKE FORTSON v. CITY OF LOS ANGELES, et al.*        V. James DeSimone, Esq.
Case No.: 2:21-cv-00384                                Carmen D. Sabater, Esq.

1    Ms. FORTSON was caused to suffer severe pain and suffering

2    75.    LOS ANGELES CITY is vicariously liable for DEFENDANTS DOES' 1-10

3    wrongful acts pursuant to § 815.2(a) of the California Government Code, which provides that a

4    public entity is liable for the injuries caused by its employees within the scope of the employment

5    if the employee's act would subject him or her to liability.

6    76.    PLAINTIFF is informed and believes and thereon alleges that the

7    DEFENDANTS' conduct was malicious, wanton, oppressive, and accomplished with a conscious

8    disregard for the rights of Ms. FORTSON, entitling Ms. FORTSON to an award of exemplary

9    and punitive damages against all non-government entity defendants in an amount to be

10    determined at time of trial.

11    77.    As a result of their conduct, DEFENDANTS are liable for Ms. FORTSON's

12    injuries, either because they were integral participants in the assault and battery, or because they

13    failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

14    78.    PLAINTIFF is seeking all damages under this claim.

15    ## FIFTH CAUSE OF ACTION

16    ## NEGLIGENCE (GOV. CODE § 820 and CALIFORNIA COMMON LAW)

17    ## (AGAINST ALL DEFENDANTS)

18    79.    PLAINTIFF re-alleges the information set forth in the preceding paragraphs and

19    incorporates them into this cause of action as if they were fully alleged herein.

20    80.    The actions of DEFENDANT DOES 1 -10 toward Ms. FORTSON were negligent

21    and reckless, including, but not limited to:

22    a.    The failure to properly and adequately assess the need to use excessive force

23    against PLAINTIFF;

24    b.    The failure to monitor and record any use of force by the CITY OF LOS

25    ANGELES, CHIEF MICHEL MOORE, including DEFENDANTS DOES 1-10;

26    c.    The failure to monitor and record any injuries specifically caused by the use of

27    force by the CITY OF LOS ANGELES, CHIEF MICHEL MOORE, including

28    DEFENDANTS DOES 1-10;

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1        d.   The negligent tactics and handling of the situation with PLAINTIFF;

2        e.   The negligent use of force against PLAINTIFF including, but not limited to,

3             violently ramming a police SUV into Ms. FORTSON's right side tossing her off

4             her feet and onto the street where she landed on her left arm and rolled on to her

5             right arm suffering multiple immediate and long-lasting physical injuries and

6             mental and emotional distress, then abandoning her on the sidewalk where she

7             remained bruised and bleeding without any care from DEFENDANTS;

8        f.   The failure to properly train and supervise employees, both professional and non-

9             professional, including DEFENDANTS DOES 1-10;

10        g.   The failure to ensure that adequate numbers of employees with appropriate

11             education and training were available to meet the needs of and protect the rights

12             of Ms. FORTSON;

13        h.   The failure to provide prompt medical care to Ms. FORTSON; and

14        i.   The negligent handling of evidence and witnesses.

15      81.   As a direct and proximate result of DEFENDANTS' conduct as alleged above,

16  and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and

17  suffering, both physically and emotionally.

18      82.   In addition, at the aforementioned date, time and place, DEFENDANTS

19  negligently, carelessly and without reasonable care, assaulted and violently battered PLAINTIFF.

20      83.   CITY OF LOS ANGELES is vicariously liable for the wrongful acts of

21  DEFENDANTS pursuant to § 815.2(a) of the California Government Code, which provides that

22  a public entity is liable for the injuries caused by its employees within the scope of the

23  employment if the employee's act would subject him or her to liability.

24      84.   The aforementioned acts and omissions of DEFENDANTS DOES 1-10 were

25  committed by them knowingly, willfully and maliciously, with the intent to harm, injure, vex,

26  harass and oppress PLAINTIFF, with conscious disregard to his known rights and deliberate

27  indifference to the risk of injury to PLAINTIFF.  By reason thereof, PLAINTIFF seeks punitive

28  and exemplary damages from DEFENDANTS, and each of them, (except DEFENDANT CITY

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    OF LOS ANGELES) in an amount as proved.

2         85.    DEFENDANTS CITY OF LOS ANGELES knew or reasonably should have

3    known that DEFENDANTS DOES 1-10 would engage in such a violent misconduct against

4    PLAINTIFF, during the course and scope of their employment, and that, as a direct and proximate

5    result of those violations, PLAINTIFF would suffer injuries as alleged herein.

6         86.    DEFENDANTS had the authority to supervise, prohibit, control, and/or regulate

7    DEFENDANT officers so as to prevent these acts and omissions from occurring.

8         87.    DEFENDANTS failed to exercise due care by hiring, retaining and failing to

9    supervise, prohibit, control or regulate DEFENDANTS DOES 1-10.  As a direct and proximate

10   result of DFEENDANTS' negligent hiring, retention and supervision, control and regulation of

11   DEFENDANT officers, Ms. FORTSON has suffered and continues to suffer injuries entitling her

12   to damages in amounts to be proven at trial.

13        88.    By the aforesaid acts and omissions of DEFENDANTS, and each of them, Ms.

14   FORTSON has been directly and legally caused to suffer actual damages including, but not

15   limited to, extreme pain and suffering both with regards to physical and mental suffering.

16        89.    As a further direct and legal result of the acts and conduct of DEFENDANTS,

17   and each of them, as aforesaid, Ms. FORTSON has been caused to and did suffer and continues

18   to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright,

19   shock, pain, discomfort, anxiety, psychological harm, physical pain and suffering.  The exact

20   nature and extent of said injuries is presently unknown to Ms. FORTSON. PLAINTIFF does

21   not know at this time the exact duration or permanence of said injuries but is informed and

22   believes and thereon alleges that some, if not all, of the injuries are reasonably certain to be

23   permanent in character.

24        90.    As a result of their conduct, DEFENDANTS are liable for Ms. FORTSON's

25   injuries, either because they were integral participants in the assault and battery, or because they

26   failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

27        91.    PLAINTIFF is informed and believes, and thereon alleges, that the

28   DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*BROOKE FORTSON v. CITY OF LOS ANGELES, et al.*                          V. James DeSimone, Esq.
Case No.: 2:21-cv-00384                                                  Carmen D. Sabater, Esq.

1   and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable

2   conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Ms.

3   FORTSON, thereby justifying the award of punitive and exemplary damages in an amount to be

4   determined at trial.

5       92.    PLAINTIFF is seeking all damages under this claim.

6                         **SIXTH CAUSE OF ACTION**

7           **INENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

8                        **(AGAINST ALL DEFENDANTS)**

9       93.    The allegations set forth in this complaint are hereby re-alleged and incorporated

10  by reference.

11      94.    DEFENDANTS DOES 1-10 conduct as described above was extreme and

12  outrageous and was done with the intent of causing Ms. FORTSON to suffer emotional distress

13  or with reckless disregard as to whether their conduct would cause her to suffer such distress.

14      95.    By the aforesaid acts and omissions of DEFENDANT officers, and each of them,

15  Ms. FORTSON has been directly and legally caused to suffer actual damages including, but not

16  limited to, extreme pain and suffering both with regards to physical and mental suffering.

17      96.    As a further direct and legal result of the acts and conduct of DEFENDANTS, and

18  each of them, as aforesaid, Ms. FORTSON has been caused to and did suffer and continues to

19  suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation,

20  embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact

21  nature and extent of said injuries is presently unknown to Ms. FORTSON.  PLAINTIFF does not

22  know at this time the exact duration or permanence of said injuries but is informed and believes,

23  and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in

24  character.

25      97.    As a result of their conduct, DEFENDANTS are liable for Ms. FORTSON's

26  injuries, either because they were integral participants in the assault and battery, or because they

27  failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

28      98.    PLAINTIFF is informed and believes, and thereon alleges, that the

5

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*BROOKE FORTSON v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-cv-00384                                           Carmen D. Sabater, Esq.

1   DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing

2   and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable

3   conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Ms.

4   JAMES, thereby justifying the award of punitive and exemplary damages in an amount to be

5   determine at trial.

**SEVENTH CAUSE OF ACTION**

6

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

7

**(AGAINST ALL DEFENDANTS)**

8

9   99.     The allegations set forth in this complaint are hereby re-alleged and incorporated

10   by reference.

11   100.     In the alternative, DEFENDANTS DOES 1-10 conduct as described above was

12   done in a careless or negligent manner, without consideration for the effect of such conduct upon

13   Ms. FORTSON's emotional well-being.

14   101.     By the aforesaid acts and omissions of DEFENDANT officers, and each of them,

15   Ms. JAMES has been directly and legally caused to suffer actual damages including, but not

16   limited to, extreme pain and suffering both with regards to physical and mental suffering.

17   102.     As a further direct and legal result of the acts and conduct of DEFENDANTS, and

18   each of them, as aforesaid, Ms. FORTSON has been caused to and did suffer and continues to

19   suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation,

20   embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact

21   nature and extent of said injuries is presently unknown to Ms. FORTSON.  PLAINTIFF does not

22   know at this time the exact duration or permanence of said injuries but is informed and believes,

23   and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in

24   character.

25   103.     As a result of their conduct, DEFENDANTS are liable for Ms. FORTSON's

26   injuries, either because they were integral participants in the assault and battery, or because they

27   failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

28   104.     PLAINTIFF   is   informed   and   believes,   and   thereon   alleges,   that   the

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing

2  and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable

3  conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Ms.

4  FORTSON, thereby justifying the award of punitive and exemplary damages in an amount to be

5  determine at trial.

6  **PRAYER FOR RELIEF**

7  **WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS CITY OF LOS

8  ANGELES, CHIEF MICHEL MOORE, DOES 1-100, and each of them, as follows:

9      1.    For general economic and non-economic damages according to proof;

10      2.    For special damages according to proof;

11      3.    For punitive damages where allowed by law;

12      4.    For equitable relief;

13      5.    For prejudgment interest;

14      6.    For costs of suit incurred herein;

15      7.    For attorney's fees as allowed by law;

16      8.    For civil penalties as allowed by law;

17      9.    For such other and further relief as this Court deems just and proper, and

18  appropriate.

19

20

21  Date: January 14, 2021                **V. JAMES DESIMONE LAW**

22

23                        By: /s/ *V. James DeSimone*

24                          V. JAMES DESIMONE, ESQ.
                        RYANN E. HALL, ESQ.

25                          CARMEN SABATER, ESQ.
                        DIEM HA, ESQ.

26

27                        Attorneys for PLAINTIFF,
                      BROOKE FORTSON

28

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*BROOKE FORTSON v. CITY OF LOS ANGELES, et al.*           V. James DeSimone, Esq.
Case No.: 2:21-cv-00384                         Carmen D. Sabater, Esq.

1

## **DEMAND FOR JURY TRIAL**

2    PLAINTIFF hereby demands a trial by jury.

3

4    Date: January 14, 2021                          **V. JAMES DESIMONE LAW**

5

6                                         By: /s/ *V. James DeSimone*

7                                             V. JAMES DESIMONE, ESQ.
                                              CARMEN SABATER, ESQ.
8                                             RYANN E. HALL, ESQ.

9

10                                            Attorneys for PLAINTIFF,
                                              BROOKE FORTSON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*BROOKE FORTSON v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-cv-00384                                            Carmen D. Sabater, Esq.